862 F.2d 316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Susan BARRY, et al., Plaintiffs-Appellants,
v.
Chancellor Leon JORDAN, et al., Defendants-Appellees.
 No. 87-5277.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1988.
 
 Before MERRITT and RYAN, Circuit Judges, and NICHOLAS J. WALINSKI, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff in this civil rights case challenges the sua sponte dismissal of her case for failure to state a claim on which relief can be granted. Her pro se complaint alleges violations of her constitutional rights by numerous state officials and private individuals related to her 1985 child custody battle in state court. For the reasons set forth below, we affirm in part and reverse in part and remand the cause to the District Court for action in accordance with the opinion set forth herein.
 
 
 2
 Plaintiff proceeded pro se and in forma pauperis in the court below. Her complaint, drafted in a random, emotional, difficult to read and somewhat incoherent fashion, alleged that numerous state officials and private individuals participated in a conspiracy to deny her custody of her children. As one might expect from a lay plaintiff who is very upset, the complaint does not state with any clarity what her theories of liability are other than to rely on 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1981 followed by general statements that her constitutional rights have been abridged. The District Court, sua sponte, dismissed plaintiff's complaint reasoning that the civil rights statutes were not vehicles for the enforcement of criminal laws, that the defendant judicial officers were entitled to immunity from Sec. 1983 damage actions and that plaintiff failed to demonstrate that the numerous private defendants acted under color of state law.
 
 
 3
 On appeal, Barry was represented by court appointed counsel. In oral argument, with the aid of counsel, this Court attempted to reconstruct the allegations in her pro se complaint in a reasonable light favorable to her and to piece together the theories of liability which might arise from the facts alleged therein. First, there is a colorable claim based on the theory of denial of procedural due process. This claim is based on Barry's allegations that she was deprived of her right to a fair and impartial hearing because of personal bias against her by the judge who decided the custody case; that she, as a pauper, was effectively precluded from appellate review of the custody decision by the imposition of an economically prohibitive appeal bond; and that she was harmed by the refusal of clerks to accept papers she attempted to file.
 
 
 4
 Second, Barry seems to complain that when she exercised her First Amendment freedoms by discussing her plight as a battered woman with the media, Chancellor Jordan called her "looneytunes" and told her she would never get custody of her children unless she quit "crusading."
 
 
 5
 Third, it seems that Barry is trying to allege that she, as a battered woman, was denied equal protection by the failure of law enforcement officials to secure protection for her and her children and to take criminal enforcement actions against her then husband. Barry seemingly alleges that battered women as a class are subjected to such denial.
 
 
 6
 Fourth, plaintiff seems to aver that as a result of the above mentioned violations and the entire joint course of conduct of Chancellor Jordan, Judge Weaver, court clerks, law enforcement officials and the other defendants, she has been denied access to the courts. In all these allegations of wrongdoing, the pivotal defendants seem to be Chancellor Jordan and Judge Weaver. The other defendants are seemingly included because of their alleged participation with them in denying Barry the custody of her children.
 
 
 7
 Regarding Barry's prayer for damages, judges have absolute immunity. Stump v. Sparkman, 435 U.S. 349 (1978). To the extent that Barry sues Chancellor Jordan and Judge Weaver for damages, therefore, the District Court was correct in dismissing her action on those grounds. Judicial immunity does not apply, however, to the injunctive relief sought by Barry. Pulliam v. Allen, 466 U.S. 522 (1984). Therefore, the entire case cannot be disposed of on judicial immunity grounds.
 
 
 8
 On her procedural due process claims, Barry has not alleged, nor has it been suggested otherwise, that she can comply with the Parratt v. Taylor, 451 U.S. 522 (1981), Hudson v. Palmer, 468 U.S. 517 (1984), or Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984), requirements that plaintiff show that the right of appeal or mandamus or other corrective processes of the state are not available to allow plaintiff to have her complaints reviewed. See Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985) (en banc) (Parratt v. Taylor applies to deprivation of liberty interests). The procedural due process claim is therefore without merit as alleged. This dismissal should be without prejudice, however, and plaintiff should be allowed to amend her complaint to show on the procedural due process issue that the state process is inadequate or unavailable.
 
 
 9
 On her First Amendment claim for violation of her right to free speech, Barry's claims that the judge informed the media that there was nothing to her case and called her "looneytunes" do not state First Amendment injury. These comments show nothing more than the judge's opinion and do not rise to the level of an unconstitutional restriction on speech. Accordingly, the District Court properly dismissed plaintiff's First Amendment claim.
 
 
 10
 The equal protection claim present in the case has not been adequately addressed by the District Court. The injunctive relief portion of that claim may not be dismissed under the doctrine of judicial immunity and should be reconsidered by the District Court on remand. The same is true for the access to the court's claim in which Barry alleges efforts led by state officials and private individuals, acting together, to deny her the right to be heard and the right to seek reconsideration of the custody issue. Similarly, on the injunctive relief portion of this claim, the District Court failed to specifically come to grips with and adequately consider the issue. Remand for consideration of this issue is, therefore, necessary.
 
 
 11
 The District Court should have an attorney appointed for Barry under its power to appoint attorneys for indigents who complain of civil rights violations. Because knowledge of Tennessee civil and appellate procedure will likely be crucial in properly framing plaintiff's complaint, appointed counsel should be a member of the Tennessee Bar. This attorney should attempt to reconstruct and to redraw plaintiff's pro se complaint setting out in more coherent fashion the facts relating to her constitutional claims for denial of equal protection and access to the courts. The District Court should then conduct further proceedings to determine the validity of these claims.
 
 
 12
 For the foregoing reasons, the judgment of the District Court is affirmed except as to plaintiff's claims for injunctive relief on the theories of denial of access to the courts and denial of equal protection. As to those claims, the case is remanded for further consideration in light of the above opinion.
 
 
 
 *
 The Honorable Nicholas J. Walinski, United States District Judge for the Northern District of Ohio, sitting by designation